# NO. 12-18-00076-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *RAY'S DRIVE INN, INC. D/B/A RAY'S DRIVE IN,*<br>*APPELLANT* | § | *APPEAL FROM THE 217TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *ANGELINA COUNTY & CITIES HEALTH DISTRICT,*<br>*APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Ray's Drive Inn, Inc. d/b/a Ray's Drive In (Ray's) brought suit under the Texas Uniform Declaratory Judgment Act against Angelina County and Cities Health District (the Health District) seeking a declaration that the Texas Food Establishment Rules do not require it to have a three compartment sink in its restaurant. The Health District through its supervisor, Sharon Shaw, had refused to reissue Ray's permit to operate a food establishment unless Ray's replaced its two compartment sink with a three compartment sink. The Health District moved to dismiss Ray's suit asserting that governmental immunity barred Ray's suit and deprived the trial court of subject matter jurisdiction. The trial court granted the Health District's motion. In one issue, Ray's maintains the trial court erred in granting the Health District's motion to dismiss for lack of jurisdiction. We affirm.

## BACKGROUND

Ray's is a restaurant located in Lufkin, Texas. The Health District is charged with enforcement of the Texas Food Establishment Rules.[1] The Health District inspected the restaurant on January 17, 2013, July 25, 2013, January 27, 2014, July 29, 2014, and January 14,

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 437.002(a) (West 2017).

2015.  None of these inspections resulted in a complaint regarding Ray's two compartment sink. However, after an inspection on January 19, 2016, the Health District told Ray's it would not reissue Ray's permit to operate a food establishment unless Ray's replaced the two compartment sink in the restaurant with a three compartment sink.

In its suit against the Health District, Ray's maintained that the Health District's refusal to issue a permit unless a three compartment sink is installed is an ultra vires act beyond the discretion granted the Health District by the applicable statutes and rules.  The Health District moved to dismiss Ray's suit for want of jurisdiction contending it was barred by sovereign immunity.  The trial court granted the Health District's motion to dismiss for want of jurisdiction.  This proceeding followed.

### DISMISSAL FOR WANT OF JURISDICTION

In its sole issue, Ray's challenges the trial court's decision to grant the Health District's motion to dismiss for lack of jurisdiction.

### Standard of Review and Applicable Law

We review a trial court's order granting or denying a plea to the jurisdiction de novo. ***Houston Mun. Empl. Pension Sys. v. Ferrell***, 248 S.W.3d 151, 156 (Tex. 2007).  An appellate court reviewing such an order considers "the facts alleged by the plaintiff and, to the extent it is relevant to the jurisdictional issue, the evidence submitted by the parties.  ***Tex. Natural Res. Conservation Comm'n v. White***, 46 S.W.3d 864, 868 (Tex. 2001).  In a plea to the jurisdiction, a party may present evidence to negate the existence of a jurisdictional fact alleged in the pleadings, which we would otherwise presume to be true.  *See **Tex. Dep't of Parks & Wildlife v. Miranda***, 133 S.W.3d 217, 227-28 (Tex. 2004).

Without subject matter jurisdiction, a court lacks authority to render judgment and must dismiss the claim.  *See **City of Houston v. Rhule***, 417 S.W.3d 440, 442–43 (Tex. 2013).  The determination of whether the trial court has subject-matter jurisdiction begins with pleadings. *See **Miranda***, 133 S.W.3d at 226.  The pleader has the initial burden of alleging facts that affirmatively demonstrate the trial court's jurisdiction.  *See **id***.  To determine whether a party asserted a valid ultra-vires claim, the reviewing court must consider and construe the relevant statutory provisions, apply them to the facts alleged, and determine whether those facts allege acts beyond the official's authority or a failure to perform a purely ministerial act.  *See **Houston***

2

*Belt & Terminal Ry. Co. v. City of Houston*, 487 S.W.3d 154, 161, 164-68 (Tex. 2016); *Sw. Pharmacy Solutions, Inc. v. Tex. Health & Human Servs. Comm'n*, 408 S.W.3d 549, 557 (Tex. App.—Austin 2013, pet. denied). If the pleadings negate jurisdiction, the suit should be dismissed. *Rusk State Hosp. v. Black*, 392 S.W.3d 88, 96 (Tex. 2012).

The Texas Uniform Declaratory Judgment Act is not a general waiver of sovereign immunity and does not enlarge a trial court's jurisdiction. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 370–71 (Tex. 2009). A request for declaratory relief does not alter a suit's underlying nature. *Id*.

Governmental immunity deprives Texas courts of subject matter jurisdiction over any suit against the state, its agencies and agents, and in some instances, governmental subdivisions, absent the State's consent. *See Miranda*, 133 S.W.3d at 224. There is no right to judicial review of an administrative order unless a statute explicitly provides that right or the order violates a constitutional right. *See Gen. Servs. Comm'n v. Little-Tex. Insulation Co*., 39 S.W.3d 592, 599 (Tex. 2001). Therefore, as a general rule, governmental immunity deprives courts of subject matter jurisdiction to review agency actions absent a legislatively granted right to judicial review. *See Morath v. Sterling City Indep. Sch. Dist*., 499 S.W.3d 407, 412 (Tex. 2016). "An agency has exclusive jurisdiction when a pervasive regulatory scheme indicates that the Legislature intended for the regulatory process to be the exclusive means of remedying the problem to which the regulation is addressed." *In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 624–25 (Tex. 2007). "When the Legislature grants an administrative agency sole authority to make an initial determination in a matter, the agency has exclusive jurisdiction over the matter. " *Ferrell*, 248 S.W.3d at 157.

However, "an action to determine or protect a private party's rights against a state official who has acted without legal or statutory authority is not a suit against the State that sovereign immunity bars." *Heinrich*, 284 S.W.3d at 368 (quoting *Fed. Sign v. Tex. S. Univ.*, 951 S.W.2d 401, 405 (Tex. 1997)). Governmental immunity does not bar suits complaining of an officer's failure to perform a ministerial act or an exercise of judgment or limited discretion without reference to or in conflict with the law authorizing the official to act. *Houston Belt & Terminal Ry. Co.*, 487 S.W.3d at 163. Ministerial acts are those for which "the law prescribes and defines the duties to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment." *Sw. Bell Tel. L.P. v. Emmett*, 459 S.W.3d 578, 587 (Tex. 2015). An

3

ultra vires claim based on actions taken "without legal authority" has two components: (1) authority giving the official some, but not absolute, discretion to act and (2) conduct outside that authority. *Hall v. McRaven*, 508 S.W.3d 232, 239 (Tex. 2017). If the plaintiff alleges only facts within the officer's legal authority and discretion, the claim is barred by sovereign immunity. *See Heinrich*, 284 S.W.3d at 372. An incorrect determination rendered pursuant to the agency's authority is not a determination made outside of that authority. *See Hall*, 508 S.W.3d at 242–43 (erroneous exercise of discretion not ultra vires). Whether a suit attacking an exercise of limited discretion will be barred depends upon the grant of authority at issue. *Houston Belt & Terminal Ry. Co.*, 487 S.W.3d at 164.

Chapter 437 of the Texas Health and Safety Code grants counties and public health districts the authority to enforce state law and rules adopted under state law concerning food service establishments. TEX. HEALTH & SAFETY CODE ANN. § 437.002(a) (West 2017). They may require food service establishments to obtain a permit from the district. *Id*. § 437.004(a) (West). Counties and public health districts may enter the premises of a food service establishment to determine compliance with state law, rules adopted under state law, and orders adopted by the department, county or district. *Id*. §§ 437.009, 437.011 (West 2017). A county or public health district may suspend or revoke a permit if it finds that the establishment is not in compliance. *Id*. § 437.014(a) (West 2017).

That part of the administrative code dealing with health services provides the regulatory authority shall apply these rules to promote its underlying purpose of "safeguarding public health and ensuring that food is safe, unadulterated, and honestly presented when offered to the consumer." 25 TEX. ADMIN. CODE §§ 228.241(1), 228.242. Section § 228.107(b) addresses "[m]anual warewashing, sink compartment requirements" and provides, in pertinent part, as follows:

> (1) Except as specified in paragraph (3) of this subsection, a sink with at least three compartments shall be provided for manually washing, rinsing, and sanitizing equipment and utensils.
>
>     …
>
> (3) Alternative manual warewashing equipment may be used when there are special cleaning needs or constraints and its use is approved. Alternative manual warewashing equipment may include … two compartment sinks as specified in paragraphs (4) and (5) of this subsection….
>
> (4) Before a two-compartment sink is used:

4

(A)  The permit holder shall have its use approved by the regulatory authority; and

(B)  The permit holder shall limit the number of kitchenware items cleaned and sanitized in the two compartment sink, and shall limit warewashing to batch operations for cleaning kitchenware such as between cutting one type of raw meat and another or cleanup at the end of a shift, and shall:

(i) make up the cleaning and sanitizing solutions immediately before use and drain them immediately after use; and
(ii) use a detergent-sanitizer to sanitize and apply the detergent-sanitizer in accordance with the manufacturer's label instructions and as specified in §228.111(o) of this title; or
(iii) use a hot water sanitization immersion step as specified in § 228.115(f)(3) of this title.

(5) A two-compartment sink may not be used for warewashing operations where cleaning and sanitizing solutions are used for a continuous of intermittent flow of kitchenware or tableware in an ongoing warewashing process.

*Id*. § 228.107.  Accordingly, the Administrative Code requires a three compartment sink for manual ware washing.  *See id*. § 228.107(b)(1).  The public health district is given the discretion to approve the use of a two compartment sink provided the permit holder shall have its use approved by the regulatory authority (public health district).  *Id*. § 228.107(b)(4)(A).  The Texas Food Establishment Rules define "approved" as "[a]cceptable to the regulatory authority based on a determination of conformity with principles, practices, and generally recognized standards that protect public health."  *Id*. § 228.2(4).

**Discussion**

Ray's relies on the ultra vires doctrine to invoke the trial court's jurisdiction.  Ray's contends that the Health District's refusal to renew its food handlers permit unless and until a three compartment sink was installed was an action beyond the limited discretion granted the Health District by the legislature.  Ray's also maintains the application of the Texas Food Establishment Rules provide an exception to the three compartment sink rule whose application requires no judgment or discretion.  It insists that a correct interpretation of the rules requires the public health district to approve a two compartment sink if:

1.  The two compartment sink's use is approved by the regulatory authority, and

2.  The permit holder limits the number of kitchenware items sanitized in the two compartment sink and limits ware washing to batch operations only.

5

In Ray's view, application of these rules allows for no judgment or discretion by the Health District and is therefore a purely ministerial act. Ray's insists that "[t]here is nothing in the Rules that gives [the Health District] the sole discretion to determine whether a two compartment sink or a three compartment sink should be required." It argues that the "guidelines for the determination of the use of a two compartment sink were set forth specifically in the Rules and the [Health District] must follow them."

We reviewed the allegations in Ray's petition in comparison with the statutes and rules that grant and define the Health District's authority. In doing so, we conclude that the determination of whether a three or two compartment sink is used is within the discretion of the Health District. The rules upon which Ray's relies are guides for the Health District's discretion, not precise mandates excluding discretion. Even Ray's refers to them as "guidelines." They require that a two compartment sink's use be "approved" by the Health District. *See* 25 TEX. ADMIN. CODE § 228.107 (b)(4)(A). Approval means "[a]cceptable to the regulatory authority based on a determination of conformity with principles, practices, and generally recognized standards that protect public health." *Id*. § 228.2(4). The definition assumes the exercise of judgment or discretion by the regulatory authority in evaluating whether the installation or practice conforms to the standards set forth. It is impossible to classify as "ministerial" a decision which must be based on "principles, practices and generally recognized public health standards." The definition implies a considered and reasoned judgment based on the guiding principles in the definition.

As previously discussed, Chapter 437 of the Texas Health and Safety Code sets out a regulatory system that indicates the legislature intended that counties and health districts have wide latitude to deal with problems that the regulation addresses. We have considered the statutes and rules that give the Health District authority to act. The Health District has the authority to conduct inspections of restaurants to determine compliance and the power to exercise its judgment to enforce compliance when inspection reveals what it considers a nonconforming condition. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 437.002, 437.009, 437.011. Accordingly, the Health District's requirement of a three compartment sink for Ray's restaurant was an action well within the authority granted the Health District.

Ray's contends that it invoked the trial court's inherent jurisdiction by alleging ultra vires conduct by the Health District. Therefore, Ray's maintains that the trial court erred in dismissing

6

his suit for want of jurisdiction. Ray's had the initial burden of alleging facts that demonstrate the court's jurisdiction. *See Miranda*, 133 S.W.3d at 226. However, Ray's allegations consist chiefly of legal conclusions. Ray's characterization of the Health District's refusal to approve its two compartment sink as "outside [Sharon Shaw's] authority" or a failure to "perform a purely ministerial act" does not end our inquiry. We must still construe the statutes and rules implicated and apply them to the facts Ray's pleaded to determine if Ray's alleged ultra vires acts by the Health District. In assessing the sufficiency of Ray's pleadings, we are not bound by its characterization of the Health District's acts. We conclude that the actions or failures to act that Ray's describes as beyond the Health District's authority are, in reality, within the Health District's authority.

Ray's factual allegations of ultra vires conduct plainly complain that the Health District decided incorrectly when it chose to withhold Ray's permit until the installation of a three compartment sink. But even the fact that an agency's decision is wrong does not invalidate its authority to make the decision. *See North Alamo Water Supply Corp. v. Tex. Dep't of Health*, 839 S.W.2d 455, 459 (Tex. App.—Austin 1992, writ denied). Ray's petition only alleges acts or a failure to act that are within the Health District's legal authority or discretion. None of the allegations invoked the trial court's inherent jurisdiction to remedy ultra vires agency actions. Thus, Ray's claim seeks to control state action and is barred by sovereign immunity. *See Heinrich*, 284 S.W.3d at 372. For all the above reasons, we conclude that the trial court did not err in dismissing Appellant's suit for want of jurisdiction.

## DISPOSITION

The judgment is *affirmed*.

**BILL BASS**
Justice

Opinion delivered September 19, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 19, 2018**

**NO. 12-18-00076-CV**

**RAY'S DRIVE INN, INC. D/B/A RAY'S DRIVE IN,**
Appellant
V.
**ANGELINA COUNTY & CITIES HEALTH DISTRICT,**
Appellee

Appeal from the 217th District Court
of Angelina County, Texas (Tr.Ct.No. CV-00276-16-05)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the Appellant, **RAY'S DRIVE INN, INC. D/B/A RAY'S DRIVE IN,** for which execution may issue, and that this decision be certified to the court below for observance.

Bill Bass, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*